IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12CV117-RLV
(5:03CR12-RLV-10)

| | |
|---|---|
| EDWARD MONROE LITTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion with regard to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), on Petitioner's Motion to Amend or Correct Motion to Vacate, (Doc. No. 2), and on Respondent's Motion for an Extension of Time to File a Response to Petitioner's Motion to Vacate, (Doc. No. 6). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate. Because the Court is dismissing the motion to vacate, the Court will deny Petitioner's motion to amend and Respondent's motion for extension of time as moot.

I.   BACKGROUND

On May 10, 2004, Petitioner was convicted after a jury trial of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 851 (Count One), and possession with intent to distribute a quantity of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841, and 18 U.S.C. § 2 (Count Five). (Crim. Case No. 5:03-cr-12, Doc. No. 235: Jury Verdict; Doc. No. 280: Judgment). Petitioner was sentenced to life imprisonment on each count, to be served concurrently. (Id., Doc. No. 280: Judgment). On

March 14, 2006, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Little, 170 Fed. App'x 829 (4th Cir. 2006).

On March 21, 2007, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on October 1, 2008. (Crim. Case No. 5:03-cr-12, Doc. Nos. 309; 353: Civil No. 5:07cv36). On May 27, 2009, the Fourth Circuit dismissed Petitioner's appeal of the Court's Order denying the motion to vacate. United States v. Little, 325 Fed. App'x 241 (4th Cir. 2009). In the Fourth Circuit's opinion dismissing the appeal, the Fourth Circuit also denied a request by Petitioner to file a successive petition.

On August 14, 2012, Petitioner filed the pending Section 2255 motion to vacate. On August 28, 2012, the Fourth Circuit denied a motion by Petitioner under 28 U.S.C. § 2244 to file a successive petition. (Crim. Case No. 5:03-cr-12, Doc. No. 484). On November 13, 2012, after conducting an initial screening, this Court ordered the Government to respond to the pending motion to vacate. (Doc. No. 3). On January 17, 2013, Respondent filed a motion for extension of time to file a response, which this Court granted on February 13, 2013. (Doc. Nos. 4; 5). On February 19, 2013, Respondent filed another motion for extension of time to file a response, which motion is pending before this Court. Since conducting its initial screening, the Court has reviewed the docket in Petitioner's criminal case and the Court has determined that it lacks jurisdiction over the pending motion to vacate because the motion to vacate is an unauthorized, successive petition. Therefore, the motion to vacate will be dismissed.

II. **DISCUSSION**

Petitioner filed the instant Motion to Vacate on August 14, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:03-cr-12. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on March 21, 2007. Thus,

this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 5:03-cr-12.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, the Fourth Circuit has twice denied Petitioner's requests to file a successive petition-- first, in its Order dated May 27, 2009, dismissing Petitioner's appeal of the Court's Order denying the first motion to vacate, and then again on August 28, 2012. See (Crim. Case No. 5:03-cr-12, Doc. No. 484). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

III. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. Petitioner's Motion to Amend or Correct Motion to Vacate, (Doc. No. 2), is **DENIED** as moot.

3. Respondent's Motion for Extension of Time, (Doc. 6), is **DENIED** as moot.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 20, 2013

Richard L. Voorhees
United States District Judge